## HUMBLE *v.* WILLIAMS.

The transcript filed by a justice on an appeal did not state that the appeal had been prayed for or granted. The judgment was rendered on the 21st of *June*, 1836, and the transcript, appeal-bond, &c. were filed on the third of *August* following. *Held*, that the filing of the transcript, &c. was sufficient evidence, *prima facie*, that the appeal had been duly prayed for and granted.

May Term,
1838.

Humble
v.
Williams.

*Held*, also, that if the appeal-bond so filed be insufficient, a new one may be filed.

The objection to an appeal from the judgment of a justice, that the papers were not filed in time, may be waived by the appellee.

The affidavit and claim of a third person to property taken in execution, should show whether the claimant be the absolute owner, or whether his claim be conditional, and if the claim be conditional, whether it was created by deed or by parol; but if the objection for a defect in these particulars be not made before the justice, it is waived.

*Monday,*
*May 28.*

APPEAL from the *Owen* Circuit Court.

· Blackford, J.—*David Humble* obtained a judgment before a justice of the peace against *John Williams*, and took out an execution on the judgment. The execution was levied upon a mare and colt as the property of the execution-defendant. *James Williams* filed with the justice the following claim to the property, viz. "*James Williams.* claims a certain sorrel mare and colt taken by an execution, wherein *David Humble* is plaintiff and *John Williams* is defendant, to satisfy said execution.—*James Williams*." There is annexed to this claim an affidavit, stating "that the claim is true in substance, and is a matter of fact." The triers who were appointed to determine as to the validity of the claim, decided in favour of the claimant; and the justice, accordingly, gave judgment in his favour, on the 21*st of June*, 1836. The justice who rendered the judgment, filed in the clerk's office on the *third of August*, 1836, a transcript of the judgment, the claim and affidavit of the claimant, and an appeal-bond in the cause executed by *Humble* and his sureties. This bond appeared on its face to be dated on the 12*th of June*, 1836, and to have been acknowledged before the justice and approved of by him. At the *October* term, 1836, the parties appeared, and agreed that no objection on account of the papers not having been filed in time by the justice, should be made to the appeal. At the *October* term, 1837, the appeal was dismissed on the motion of *Williams*, the appellee.

The grounds upon which the appeal was dismissed are the following:—1st, that the justice's transcript does not show that an appeal was prayed; 2dly, that the appeal-bond is insufficient; 3dly, that the transcript was not filed within 20 days after the appeal was taken.

The record shows, that before the dismission of the appeal, the appellant offered to file a sufficient bond, but that the

Court refused to receive it. It appears, also, that before the appeal was dismissed, the appellant offered to prove that there was a mistake in the bond as to the date; that the bond was filed with the justice *after* the judgment and within 10 days thereafter; and that an appeal was prayed and granted within 10 days after the rendition of the judgment, but that the Court would not permit these facts to be proved.

We do not think that any of the grounds upon which this appeal was dismissed can be sustained.

It is not absolutely essential to the support of the appeal, that the transcript itself should show that it had been regularly applied for by the appellant and granted by the justice. Such matters may be proved by extrinsic testimony. In this case, the fact that the justice had filed in the clerk's office the transcript of the judgment, the claim and affidavit of the claimant, and the appeal-bond in the cause, was sufficient evidence, *prima facie*, that the appeal had been properly prayed for and granted. And the same fact, that those papers had been so filed, was also sufficient to authorise the appellant, when the sufficiency of the bond was objected to in the Circuit Court, to file a new bond to the satisfaction of the Court.

There is nothing in the objection, that the papers in the cause were not filed by the justice within the time prescribed by the statute. That objection was waived in the Circuit Court by an agreement of the parties. The statute in question is to be construed like other statutes of limitation. The party interested may take advantage of the statute, or he may waive the benefit of it, at his discretion. This point was decided at the last term (1).

It is contended by the judgment-creditor, that the suit ought to have been dismissed by the Circuit Court, on the ground that the affidavit of the claimant is defective. The defect complained of is, that the affidavit does not show the nature of the claim. We think the affidavit is liable to the objection made to it. The affidavit and claim in these cases should show whether the claimant was the absolute owner, or whether his claim was conditional, and in the case of a conditional claim, whether it was created by deed or by parol. Stat. 1834, p. 195. But the objection does not appear to have been made before the justice on the trial of the right of property; and it is too late to make it, for the first time, after an appeal.

May Term, 1838.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. Kinney,* for the appellant.

*C. P. Hester,* for the appellee.

(1) Vide *Dougherty* v. *Mason,* and note, ante, p. 432.