IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1846, IN THE THIRTY-
FIRST YEAR OF THE STATE.

---

### LITTELL and Another *v.* BRADFORD.

The circumstance that an appeal-bond, in the case of an appeal from the judg-
ment of a justice of the peace, bears date after the bond was filed in the clerk's
office, is no objection to the bond.

And the fact that the appeal had been prayed for need not be recited in the jus-
tice's transcript.

ERROR to the *Greene* Circuit Court.

*Monday,*
*November* 23.

PERKINS, J.—This was an action of assumpsit commenced
before a justice of the peace, and removed by appeal into the
Circuit Court. A bill of exceptions shows that the appeal
was there dismissed, on the defendant's motion, for want of a
sufficient appeal-bond. The judgment before the justice was
rendered on the 12th of *March*, 1842, and the appeal papers,
including the bond, were filed in the clerk's office on the 1st
of *April* following. The bond is dated on the 2d of *April*,
one day after the filing of the appeal papers in the clerk's
office. This is the only defect.

The objection is groundless. The date of the bond is no
material part of it. The day of its execution may be shown

VOL. VIII.—24

Nov. Term,
1846.

by parol. The filing of it in the clerk's office shows it was then executed, and that it is misdated. The misdating does not vitiate.

It is also attempted in this Court to sustain the dismissal, on the ground that the magistrate's transcript does not recite that an appeal was prayed. It is decided in *Humble* v. *Williams*, 4 Blackf. 473, that the filing of an appeal-bond is a sufficient prayer of an appeal. That was done in this case.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Quarles*, for the plaintiffs.

*C. P. Hester*, for the defendant.