## ABBOTT and Others *v.* ZEIGLER.

Suit upon a promissory note commenced by summons. Afterwards the following affidavit was filed: "*William H. Mallory*, attorney for the plaintiffs, says that the claim in this action against the defendant (now pending in the *Fountain* Circuit Court) is for money due on a note executed by him to the plaintiffs; that the claim is just, and that he believes they ought to recover 1,416 dollars; and that the said *John Zeigler*, the defendant, is about to sell

Nov. Term,
1857.

ABBOTT
v.
ZEIGLER.

his property subject to execution, with the fraudulent intent to hinder and delay his creditors." A bond was also filed, signed by *Mallory* as surety, undertaking for the prosecution of the attachment, and the payment of damages if it was wrongful and oppressive. The writ was issued and executed. Afterwards the attachment was dismissed because of the insufficiency of the affidavit and bond. At the same time judgment was rendered on the note.

*Held*, 1. That the affidavit and bond were sufficient.

2. That an attorney may, in this state, become surety and make affidavits for his clients.

3. That the attachment was procured pending the suit, as an incident to, or an interlocutory proceeding in it; and that no appeal lies from the order of dismissal.

*Monday,*
*November* 30.

APPEAL from the *Fountain* Circuit Court.

PERKINS, J.— Suit upon a note. The suit was commenced by summons. Afterwards, an affidavit as follows was filed: "*William H. Mallory*, attorney for the plaintiffs, says that the claim in this action against the defendant (now pending in the *Fountain* Circuit Court) is for money due on a note executed by him to the plaintiffs; that the claim is just, and that he believes they ought to recover 1,416 dollars; and that the said *John Zeigler*, the defendant, is about to sell his property subject to execution, with the fraudulent intent to hinder and delay his creditors." Subscribed and sworn to.

A bond was also filed, signed by said *Mallory* as surety, undertaking for the prosecution of the attachment, and the payment of all damages, if the same was wrongful and oppressive.

Upon the affidavit and bond the clerk issued a writ of attachment, which was executed.

On the eighth day of the next ensuing term, the Court, on motion, dismissed the attachment because "of the insufficiency of the affidavit and bond filed," &c., and refused to permit any amendment of them. The plaintiffs appealed from the order of dismissal. On the same day, judgment was rendered for the plaintiffs upon the note sued on for 1,419 dollars and 62 cents and costs.

That the bond in this case was sufficient, is decided in *Church* v. *Drummond*, 7 Ind. R. 17; and we are unable to discover any objection to the affidavit, as one for an at-

tachment. It is sufficiently explicit, is made by a person on behalf of the plaintiff, and embraces a statutory cause for such a writ. 2 R. S. pp. 63, 64, ss. 156, 159.

It seems to have been objected that the affidavit was made by an attorney. If a brief has been filed on the part of the defendant, it has not come to the possession of the Court, and we may not, therefore, discover the objections perceived by counsel.

It has been held that an attorney may, in behalf of his client, make an affidavit for a continuance. *Espy* v. *The State Bank*, 5 Ind. R. 274. There is no rule prevailing in the Courts of this state that an attorney shall not become surety and make affidavits for his client. The moral influence of such a rule, we think, would be salutary upon the bar, but it does not exist. At present, attorneys have the same rights, and are left with the same liberties in these particulars, as other agents. No disabilities are imposed.

But a question presents itself, whether this is a case in which an appeal lies. A suit may be commenced by attachment. In such case, the dismissal of the attachment would be the dismissal of the suit. But such is not the case here. This suit was commenced by summons, and prosecuted to final judgment, from which no appeal has been taken. The attachment in question was procured pending the suit, as an incident to, or an interlocutory proceeding in it. It cannot be regarded as a separate action without involving the objection of two suits for the same cause, pending at the same time. The object of the plaintiffs evidently was to obtain an injunction, or restraining order, securing the property from transfer till they could obtain a judgment in the suit pending, and a levy upon the property. Such an order they might have obtained by making a proper case. See *Wallace et al.* v. *Mc Vey*, 6 Ind. R. 300. So we think this attachment can be treated as such an order. But as it was instituted after the suit had been commenced, (see 2 R. S. p. 162,) it is but an interlocutory proceeding, and it is not one included among those from which an appeal lies. *Wallace* v. *Mc Vey, supra.*

Nov. Term, 1857.

ABBOTT
v.
ZEIGLER.

The appeal should have been from the final judgment in the suit, which might have brought up the whole case.

*Per Curiam.*—The appeal is dismissed with costs.

*W. H. Mallory,* for the appellants.