*J. N. Sims,* for the appellants.

------

Wolf *v.* The State on the relation of Edds.

On appeal to the Circuit Court from the judgment of a justice of the peace, the cause will be presumed to be properly in Court until the contrary is shown.

If the defendant, in a prosecution for bastardy, fail to deny the charge in the Circuit Court, he is not entitled to a trial by jury; and where, in such a case, there was no answer filed, and the record did not show a plea entered, but the cause was tried by a jury, the Supreme Court presumed, in favor of the correct action of the Court below, that the defendant made such denial; and the failure to enter the denial upon the record, in such case, is not such an error as should reverse the judgment.

The defendant, in this case, offered to read to the jury a portion of the written questions and answers taken down by the justice upon the examination of the relator before him, for the purpose of impeaching her testimony. This evidence, on objection, was rejected, unless the defendant would give in evidence the whole of the written examination. After excepting, the defendant gave the whole examination in evidence. *Held,* that there was no error.

Where the testimony of the relator in a prosecution for bastardy, if believed by the jury, would make a case against the defendant (and the jury might believe her testimony even over that of impeaching witnesses), the Supreme Court will not disturb the verdict.

Nov. Term,
1858.

WOLF
v.
THE STATE.

Friday,
December 3.

APPEAL from the *Sullivan* Circuit Court.

HANNA, J.—This was a prosecution for bastardy, commenced before a justice of the peace. The transcript of the justice shows that the defendant was by him acquitted, and does not show an appeal taken from that decision; wherefore, the defendant moved, in the Circuit Court, to dismiss the case, which motion was overruled, and upon this ruling the first error is assigned.

It is argued that, as no part of the record of the justice shows an appeal prayed for by the state, and there was no evidence, outside of the transcript itself, showing how such transcript got into the Circuit Court, the case ought to have been dismissed. No authorities are cited in support of the position assumed. *Walker* v. *The State*, 6 Blackf. 1.

In the cases of *Littell* v. *Bradford*, 8 Blackf. 185, and *Humble* v. *Williams*, 4 *id*. 473, it was decided that the transcript need not show that an appeal had been prayed, where a bond appeared to have been filed for an appeal.

In this case, no appeal-bond was necessary, nor do we think it need affirmatively appear how the case came into the Court, but that it will be presumed that it is properly in Court, until the contrary appears. 9 Ind. R. 395.

In the Circuit Court, the trial was by a jury; and the second error assigned is that it was a trial without an issue. The statute is that, "If the defendant, in the Circuit Court, deny the charge, the issue shall be tried by the Court or a jury." 2 R. S. p. 488, § 13. There was no answer filed, nor does the record show a plea entered.

The defendant was not entitled to a jury trial, unless he denied the charge. If he failed to make such denial, or confessed that he was the father of the child, the matter was then in the hands of the Court, and not of a jury. This Court will, after a trial in such a case by a jury, presume so far in favor of the correct action of the Court below, as to infer that the defendant had made such denial; and the failure to enter it upon the record is not such an error as should reverse the judgment. 2 R. S. p. 162, § 580.

The third error assigned, is upon the question of the admission of testimony.

The defendant offered to read to the jury a portion of the written questions and answers taken down by the justice of the peace upon the examination of the relator before him, for the purpose of impeaching her testimony. The evidence was, upon objection made, rejected, unless the defendant would give in evidence the whole of such written examination. After excepting, the defendant gave in evidence the whole of such written examination.

We do not see any error in this. The statute permits either party to use such written examination upon the trial, for the purpose of either sustaining or contradicting the witness. 2 R. S. p. 487.

The Court refused to permit the defendant to give in evidence a part of the written examination; and if no part of the same had been given to the jury, we should then have been called upon to decide upon such refusal; but upon the whole of it going to the jury, the case is brought within that of *Mulhollin* v. *The State*, 7 Ind. R. 646.

In argument, it is insisted that, whilst the introduction of a part would have benefited the defendant, the introduction of the whole might have had a contrary effect. The answer to this is, that the statute gave either party the right to use such writing, and, therefore, the offer is not precisely analogous to offers to impeach by proving other contradictory verbal testimony; for even if the defendant had a right to introduce all that was contained in such examination, upon one particular point (of which we give no opinion), the state would have had the right to give in evidence the balance of such written examination.

Error is alleged to have been committed in giving and refusing instructions. The evidence is all in the record. All the instructions asked by the defendant were refused, and others given. We have compared the instructions asked with those given, and are of opinion that those given include the principles of law upon which those that were refused rest, and are even, in some respects, more favora-

Nov. Term, 1858.

ble to the defendant than those asked by him.   5 Ind. R. 322.—7 *id.* 364.

The last error alleged to have occurred was, in overruling a motion for a new trial.

We have looked into the evidence, and find that the testimony of the relator, if believed by the jury, made a case against the defendant.   This was a question for the jury. They might believe the witness even over impeaching testimony.   *Spivey* v. *The State*, 8 Ind. R. 406.   And we cannot disturb the verdict (although we might have come to a different conclusion from that arrived at by the jury), unless in cases where the insufficiency of the evidence appears beyond all doubt.   *Harvey* v. *Quick*, 9 Ind. R. 258. —3 Blackf. 304.—7 *id.* 186.   This is not such a case.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*J. P. Usher*, for the appellant.