### THEIRMAN and Others *v.* VAHLE.

ATTACHMENT.—*Appeal.*—Where final judgment has been rendered for the plaintiff in an action in which a writ of attachment has been quashed, the plaintiff may appeal to the Supreme Court, assigning for error the ruling dismissing his proceeding in attachment. *Abbott* v. *Zeigler,* 9 Ind. 511, disapproved.

SAME.—*Affidavit.*—*Nature of Claim.*—An affidavit in attachment alleged, "that said defendant is justly indebted to said plaintiff in the sum of," &c., "a balance due on account for goods sold and delivered; that the claim is just; and that he believes he ought to recover the amount above stated." *Held,* that this sufficiently showed "the nature of the plaintiff's claim," as required by section 159 of the code.

APPEAL from the Floyd Circuit Court.

RAY, J.—Complaint by appellants upon an account for goods sold and delivered by them to the appellee. Final judgment was rendered for the appellants.

An affidavit in attachment was also filed at the time of bringing the action, and a writ was issued and property of the appellee seized by the sheriff. A motion was made to quash the writ, "because the affidavit upon which it was issued is not sufficient in form, does not state facts sufficient to authorize an attachment, and is accompanied by and contains no proper bill of particulars of the cause of action." This motion was sustained, and from that ruling error is assigned on this appeal.

It is objected, that no appeal will lie from this ruling. But the entire record is before us, and this dismissal of the attachment is the error assigned. It is a final judgment for costs against the appellants, and dismisses their proceedings in attachment. Two final judgments are sought, one against the person, the other, giving effect to the judgment, against the property of the appellee.

The suit commenced by summons is *in personam*, and the attachment proceedings *in rem*. When the writ is quashed, the direct proceedings against the property are at an end; and if the suit *in personam* is successful, we know of no reason why an appeal will not lie and error be assigned on the judgment on the proceedings *in rem*. The dicision in *Abbott* v. *Zeigler*, 9 Ind. 511, does not approve itself to our judgment.

The objection taken to the affidavit is, that it does not contain, in itself, or is not accompanied by, a sufficient bill of particulars. The averment is, "that said defendant is justly indebted to said plaintiff in the sum of eight hundred and three dollars and forty-five cents, a balance due on account for goods sold and delivered; that the claim is just, and that he believes he ought to recover the amount above stated."

The statute requires the affidavit to show "the nature of the plaintiff's claim." 2 G. & H. 139, sec. 159.

This the affidavit certainly does. It is for a balance on account for golds sold and delivered. Each item of the account is not required to be stated in the affidavit, but simply the nature of the claim.

The motion to quash should have been overruled.

The judgment quashing the writ and dismissing the attachment is reversed, with costs, and. the cause remanded for further proceedings.

*C. L. Dunham, S. E. Perkins, O. F. Baker,* and *S. E. Perkins, Jr.,* for appellants.

*A. Dowling, T. L. Smith, J. H. Stotsenburg,* and *T. M. Brown,* for appellee.