### THE STATE, EX REL. MASON, *v.* MILLER.

ATTACHMENT.—*Auxiliary Proceeding.*—An attachment under the statute of this State is not an independent proceeding, but is merely in aid of an action commenced concurrently with, or prior to, the attachment.

SAME.—*Appeal from Justice of the Peace.*—Where an appeal is taken to the circuit or superior court, from a judgment rendered by a justice of the peace in an action wherein a writ of attachment has been issued, the whole cause there stands for trial *de novo*.

The State, *ex rel.* Mason, *v.* Miller.

SAME.—*Appeal from Judgment in Attachment.—Case Modified.*—An appeal will not lie in such action from the judgment in attachment independently of the main action.  *Theirman* v. *Vahle,* 32 Ind. 400, modified.

From the Marion Superior Court.

*C. S. Denny,* for appellant.

*J. A. Pritchard,* for appellee.

NIBLACK, J.—This was an application by the State, on the relation of Nathan Mason, for a writ of mandate against Thomas P. Miller, a justice of the peace.

An alternative writ was issued at special term, against the defendant, who appeared and demurred to the petition, and his demurrer was sustained.

The relator declining to amend his petition, final judgment was rendered for the defendant.

The plaintiff then appealed to the general term of the court below, where the judgment at special term was affirmed.

The plaintiff has further appealed to this court, and presents only the question of the sufficiency of the relator's petition.

The petition was as follows:

" Nathan Mason, on the relation aforesaid, respectfully represents to the court, that, on the 28th day of October, 1878, the defendant, Thomas P. Miller, who is a justice of the peace in and for the county of Marion, State of Indiana, rendered a judgment against this relator, for the sum of one hundred dollars ($100), together with costs taxed at ———— dollars, in favor of John C. Kassabaum and William J. Probst; that in said proceedings said judgment plaintiffs filed an affidavit in attachment, by virtue of which they attached certain goods and chattels of this relator; that, on the day of said trial, said justice of the peace rendered a judgment in attachment against this relator, and entered an order directing said goods and chattels to be sold; that this relator afterward, to wit, on

the —— day of October, 1878, tendered to the said justice of the peace a good and sufficient appeal bond, which was in all respects satisfactory to the said justice of the peace, and then prayed an appeal from the said judgment in attachment to this court; but the said justice of the peace, without any good and sufficient reason therefor, refused and still refuses to send up a transcript in said cause, and therefore will not permit this relator to appeal from the said judgment in attachment, unless he will make his appeal bond cover, and his appeal apply to, the said personal judgment also.

"Wherefore he now prays, on the relation aforesaid, that this court will issue an order requiring the said Thomas P. Miller to appear before one of the judges thereof, at a time and place to be named in said order, then and there to show cause, if any there be, why he should not transmit the papers in said cause, together with a properly certified transcript thereof, to this court."

It was held in the case of *The Excelsior Fork Company* v. *Lukens*, 38 Ind. 438, that "An attachment, under our statute, is not an independent proceeding, but one merely in aid of an action commenced concurrently with or before the proceedings in attachment. The object of it is to secure a lien upon the defendant's property for the payment of any judgment which the plaintiff may recover in the main suit against him, or which any other party or parties may recover who file their claims under the proceeding."

This definition of the auxiliary character of an attachment proceeding in this State is in harmony with several previous decisions of this court, and may, we think, be safely accepted as a substantially correct definition of the true nature of a proceeding in attachment under our present code. It follows, therefore, that there must first be a judgment *in personam,* or *in rem,* in the main action, be-

fore there can be a judgment in attachment. When the main action is either defeated or dismissed, the attachment proceedings are at an end.

Acting apparently upon the construction of our statute given as above, this court, in the case of *Abbott* v. *Zeigler*, 9 Ind. 511, decided, as we construe the opinion in the cause to mean, that there could not be an appeal from the circuit court to the Supreme Court from an order or a judgment in an attachment proceeding until after final judgment in the main action, and then only in connection with the judgment in such main action.

In the case of *Theirman* v. *Vahle*, 32 Ind. 400, it was further decided, that when the entire record, including the main action as well as the proceeding in attachment, is before this court, error may be assigned upon the judgment in attachment alone, without involving the inquiry as to whether error may not have been committed in such main action.

In this latter case, the opinion pronounced in the case of *Abbott* v. *Zeigler*, *supra*, was disapproved, but, as it seems to us, without sufficient consideration. The conflict between the two cases is apparent only and not real, and, as above construed by us, both cases are recognized as authorities which we may safely follow in proper cases.

The appellant contends that the case of *Theirman* v. *Vahle*, referred to as above, decides that an appeal may be taken from the judgment in attachment, independently of the proceedings or judgment in the main action, but we do not so construe the opinion in that case, when considered with reference to the record which was before the court at the time, and, if the language used justified such a construction, we could not follow it as applicable to the case at bar.

Upon an appeal to a circuit or a superior court, from the judgment of a justice of the peace, the cause stands for

trial *de novo* in the court to which the appeal is taken, and in order to give the latter court jurisdiction *de novo*, it would seem inevitable that the appeal must bring the whole cause before it. Limited or partial appeals to the Supreme Court are sometimes permitted, but we know of no such provision as applicable to appeals from a justice of the peace, and do not see how such a provision could be made effective where the cause stands for trial *de novo* in the appellate court.

After a careful review of the record before us, we have come to the conclusion, that the appellee, Miller, did not violate any right of the relator, Mason, when he refused to grant an appeal from the judgment in attachment only, in the cause tried before him, the said Miller, and that, consequently, there was no error in the proceedings below.

The judgment is affirmed, at the costs of the relator of the appellant.