THE OHIO AND MISSISSIPPI RAILWAY CO. *v.* HARDY.

APPEAL BOND.—*Rule of Court Prohibiting Attorneys from Becoming Sureties on.— Contempt.—Appeal from Justice.*—On an appeal by a railroad company, from a judgment rendered by a justice of the peace, to the circuit court, the appeal bond was executed by the company's attorneys only, notwithstanding a rule of the latter court prohibiting attorneys "from being received as security in such cases."

*Held,* on motion to dismiss the appeal, that such attorneys, though probably liable for contempt of such rule, are liable on the bond, and that the bond is sufficient.

SAME.—*Approval of Bond by Justice.*—The transmission to the circuit court, by the justice, with the other papers in the cause, of an appeal bond filed therein with him, implies his approval thereof.

From the Scott Circuit Court.

*C. L. Jewett* and *S. S. Crowe,* for appellant.

PERKINS, J.—Suit commenced before a justice of the peace, by the appellee, against the appellant, to recover the value of a cow killed by the latter.

Judgment before the justice, for the appellee. Appeal to the circuit court.

In that court the appellee, plaintiff below, filed a motion, as follows :

" The plaintiff moves to dismiss the appeal in this case, because no appeal bond was filed before the justice, or approved by him.

" 2. Because the paper among the files, purporting to be an appeal bond, is signed by Samuel S. Crowe and Charles L. Jewett, as security, and by no other persons, as securities; that said securities are and were the defendant's attorneys, and their being security is in violation of rule No. — of this court, which prohibits attorneys of this court from being received as security in such cases."

The motion was sustained, and the appeal dismissed. The defendant excepted, and saved his exception by a bill of exceptions. No copy of any rule of court appears in the record ; and it does appear by the record, that an ap-

peal bond was filed with the justice, and transmitted to the circuit court with the papers in the case, which implies his approval of the bond. Nor was the simple fact, that the bond was signed as sureties by the attorneys of the appellant any ground for the dismissal of the appeal.

It was within the power of the court to make the rule in question. *Abbott* v. *Zeigler*, 9 Ind. 511. But, as it was simply a rule of the circuit court, and not the statute of the State, it would not necessarily be taken notice of as law, by persons, not members of the bar, practising in that court. Hence it would be unjust to such persons to punish them by dismissal of their causes on account of the improper conduct of such attorneys, though the attorneys might have exposed themselves to punishment for a contempt, by the court whose authority and rule they had knowingly disregarded.

In cases where it is not by statute, but only by rule of court, that attorneys are prohibited from becoming sureties, if attorneys violate such rule and become sureties the bonds or obligations into which they enter are not void, but are binding on the obligors. *Banter* v. *Levi*, 1 Chit. 713, and cases collected in a note. One of those cases is *Harper* v. *Tahourdin*, 6 M. & S. 383, in which it was argued, "that the privilege of an attorney was not a part of the common law, as there was no such officer originally by common law, for no person could at first appoint his attorney without leave granted under the great seal, till the statute of Merton, and that was confined only to particular courts." "*Per Curiam.* He" (the attorney) "is certainly liable upon his recognizance, whatever penalties he may be liable to for having acted against the rule of the court."

In Weeks on Attorneys at Law, 1878, p. 219, an American book, it is said: "The bail, however, can not be treated as a nullity, and an attorney, if he signs, is liable on his recognizance, notwithstanding the prohibition, though an infringement of the rule may subject him to penalties."

In this case the attorneys did not ask to be released, and claim the privilege of exemption under the rules. Had they, it should not necessarily have been allowed.

Such being the law, it is plain that the court erred in dismissing the appeal in this case. The court might probably have allowed a substitution of sureties, but was not bound to.

The judgment is reversed, with costs; cause is remanded, with instructions to the court below to reinstate the appeal, and for further proceedings.