Unruh v. The State, ex rel. Baum.

---

No. 11,494.

UNRUH v. THE STATE, EX REL. BAUM.

APPEAL.—*Failure of Justice to Record Facts.—Dismissal.*—If an appeal has been in fact taken from a justice of the peace, his failure to note that fact in the docket is not a sufficient cause for dismissing the appeal.

SAME.—*Presumption as to Regularity of Appeal.—Supreme Court.*—Where the

transcript filed in the circuit court does not affirmatively show that an appeal was taken from the justice, in the absence of anything to the contrary, it will be presumed in the Supreme Court that the appeal to the circuit court was regularly taken.

BASTARDY.—*Examination of Relatrix.*— *Waiver by Defendant.*—Where, at the hearing of a bastardy proceeding before a justice of the peace, the relatrix is not present and is not examined, but the defendant does not object to the hearing on that account and makes no effort to procure her attendance, he will be deemed to have waived her examination at that hearing.

INSTRUCTIONS TO JURY.—*Admissions.*—*Province of Jury.*—The trial court should not declare as matter of law what ought to be left to the jury as a matter of fact, and it is error to embody in an instruction a statement of law, taken from a text-book on evidence, setting forth the circumstances under which the admissions of parties would be entitled either to great or little weight.

SAME.—*Credibility of Witnesses.*—*Interest in Suit.*—An instruction that the jury *should* consider the interest of parties and other witnesses and the relationship of witnesses to the parties, in weighing their testimony, is erroneous as invading the province of the jury, and as indicating to them as matter of law that the testimony of such witnesses is entitled to less weight than that of others.

From the Porter Circuit Court.

*E. D. Crumpacker, J. H. Gillette, H. A. Gillette* and *A. D. Bartholomew,* for appellant.

*A. L. Jones* and *F. P. Jones,* for appellee.

ZOLLARS, J.—The relatrix filed with a justice of the peace a charge of bastardy against appellant, upon which he was arrested. The justice's record shows that on the day set for trial appellant was present in person and by attorney; that the State was represented by its prosecuting attorney; that the relatrix was not present; that the cause was submitted to the court for trial, and that there being no evidence offered in support of the charge made by the relatrix, the court found for the defendant, appellant. On the day following a transcript of the proceedings was filed in the circuit court. In that court appellant moved to dismiss the appeal, and to dismiss the case.

There was no contention or showing that an appeal had

not been taken. The motion to dismiss the appeal was based upon the sole ground that the transcript of the proceedings in the justice's court does not affirmatively show that an appeal had been taken. If an appeal was in fact taken, the failure of the justice to note that fact in his docket is not a sufficient cause for dismissing the appeal. In the absence of anything to the contrary, we must presume in favor of the jurisdiction of the circuit court, by presuming that the case came into that court by a regular appeal. *Wolf* v. *State, ex rel.*, 11 Ind. 231; *Humble* v. *Williams*, 4 Blackf. 473; *Littell* v. *Bradford*, 8 Blackf. 185. See, also, *Houk* v. *Barthold*, 73 Ind. 21; *Johns* v. *State*, 104 Ind. 557; *Brown* v. *Anderson*, 90 Ind. 93; *Ohio, etc., R. W. Co.* v. *Hardy*, 64 Ind. 454; *Brownfield* v. *Weicht*, 9 Ind. 394.

The ground upon which appellant contends that the case should have been dismissed is, that the relatrix was not examined and her testimony reduced to writing by the justice, as provided by the statute. R. S. 1881, section 984.

It will be observed that on the day set for trial the relatrix was not present. The prosecuting attorney announced himself as ready for trial. Without any objection from appellant, who, with his attorney, was present, and without any effort upon his part to have the relatrix present and to have her testimony taken and reduced to writing, the case was submitted to the court for trial.

The examination of the relatrix provided by the statute is for the benefit and protection of the defendant, and he should not be deprived of it by any ingenious practice by those representing the State. The right to such an examination, however, is a right that the defendant may waive. *Smith* v. *State, ex rel.*, 67 Ind. 61.

In this case, appellant must be treated as having waived that right. If he desired an examination of the relatrix and her testimony reduced to writing, he might have procured a subpœna, and thus had her brought before the court. He was bound to know that the State could appeal, and that the case

would thus go to the circuit court without the examination of the relatrix, unless by some effort of his that examination was procured.   Having made no such effort, he can not now be heard to complain that the examination was not taken.

Appellant assigned as a cause for a new trial the giving of the fifth, sixth and ninth of the court's instructions.

The ninth is as follows:  " Certain admissions claimed to have been made by both the relatrix and also by the defendant are in evidence.  Such admissions are competent evidence, and may be of the most satisfactory character, or they may be the very weakest kind of testimony, depending upon the surrounding circumstances.  If you can see from the evidence that the alleged admissions were clearly and understandingly made ;  that they are precisely identified ;  that the language is correctly remembered and accurately repeated by the witness, then such testimony is entitled to *great weight.*   On the other hand, if the person making the admission may not have expressed his or her own meaning, clearly and understandingly ; or if the witness may have misunderstood him or her ; or if the witness had no reason or motive for remembering the exact language used; or if from lapse of time it is seen that the witness is liable to be mistaken ; or if from interest, bias or prejudice, the admission appears to be unreasonable, or colored and exaggerated, then but little reliance should be placed upon this class of testimony."

This instruction starts out with a statement of what is a fact, that there is evidence of admissions both by the relatrix and by appellant.   Then follows the enunciation of two propositions of law.   The first is, that if the jury could determine from the evidence that the admissions were clearly and understandingly made ; that they were precisely identified; that the language was correctly remembered and accurately repeated by the witnesses, then, as a matter of law, such testimony was entitled to great weight.

The second is, that if the person making the admission may not have expressed his or her own meaning clearly and

understandingly; or if the witnesses may have misunderstood him or her; or if the witness *had no reason or motive for remembering the exact language used;* or if from lapse of time it is seen that the witnesses are liable to be mistaken; or if from interest, bias or prejudice, the admissions appear to be unreasonable, or colored and exaggerated, then, as a matter of law, but little reliance should be placed upon the testimony of such admissions.

The instruction is substantially a copy of section 200, 1 Greenleaf on Evidence. We have no fault to find with that section as an abstract proposition, but this court has several times held that to embody it in an instruction to the jury is erroneous, because the court thereby declares as a matter of law what ought to be left to the jury to determine as a matter of fact. In speaking of embodying the text of law writers in instructions, this court, in the case of *Garfield* v. *State,* 74 Ind. 60, said: "It is not every statement of the law found in a text-book or opinion of a judge, however well and accurately put, which can properly be embodied in an instruction. The processes of reasoning by which a conclusion is reached, if well made, are appropriate to be found either in text or opinion, but rarely, if ever, is it proper to deliver such reasoning to a jury in the form of instructions."

In the case of *Davis* v. *Hardy,* 76 Ind. 272, in speaking of an instruction, in all essentials identical with that under consideration, and of the above section from Greenleaf, this court said: "To give it in a charge, as written, would in this State, be an invasion of the jury's exclusive right to judge of the credibility and weight of evidence. It is proper matter of argument that such evidence is subject to imperfection and discredit, for the reasons suggested, and the court may direct the jury's attention to the subject. But it is not for the court to say, as matter of law, in reference to the evidence of this kind, given in a particular case, that it is subject to much imperfection; or that 'it frequently happens' that the witness, by unintentionally altering a few expres-

sions really used, gives an effect to the statement completely at variance with what the party did say;' or that, 'where the admission is deliberately made and precisely identified, the evidence is often of the most satisfactory nature.' These are matters of fact, experience and argument, but not otherwise the subject of legal cognizance."

The same question came before the court in the case of *Finch* v. *Bergins*, 89 Ind. 360. There, again, the above section from Greenleaf was embodied in an instruction and given to the jury. The cases of *Garfield* v. *State* and *Davis* v. *Hardy*, *supra*, were fully approved and the instruction condemned. These cases were all cited and approved in the cases of *Newman* v. *Hazelrigg*, 96 Ind. 73; *Koerner* v. *State*, 98 Ind. 7; *Lewis* v. *Christie*, 99 Ind. 377; *Morris* v. *State*, *ex rel.*, 101 Ind. 560. The ruling in these cases is supported by authority elsewhere.

In the case of *Castleman* v. *Sherry*, 42 Texas, 59, in speaking of a charge similar to that under examination, the court said: "The charge is further objectionable as being upon the weight of the evidence, when the court tells the jury that evidence of the admissions of a party is regarded as dangerous and liable to abuse, etc. Such expressions as these, found in every treatise on evidence, are to be regarded as matters of argument rather than rules of evidence having the force of law, upon which the court should instruct a jury." See, to the same point, *Commonwealth* v. *Galligan*, 113 Mass. 202; *Mauro* v. *Platt*, 62 Ill. 450; Thomp. Charging the Jury, p. 60, section 37.

The instruction applies to the declarations and admissions by both the relatrix and appellant, but that does not render it less erroneous, because the court no less invaded the province of the jury. Nor can it be said that the instruction is less harmful to appellant. The jury may have applied one standard to the evidence of admissions by the relatrix, and placed " but little reliance " upon it, and applied the other standard to the evidence of admissions by appellant, and given

it "great weight." They may have concluded, under the instruction of the court, that because the witness, or witnesses, "had no reason or motive for remembering" the admissions by the relatrix, "but little reliance" should be placed upon their testimony. However considered, the instruction is erroneous.

The sixth instruction given by the court is as follows: "The relatrix and defendant have testified, and they are both interested in the event of the suit. This fact should be considered in weighing their evidence, in connection with the other facts and circumstances which I have indicated apply to witnesses generally."

We think that this instruction is also erroneous. It very clearly discredits the parties named, because they are interested in the event of the suit. The charge is, that it was the *duty* of the jury to consider the fact that the parties named were interested in the event of the suit. The jury would not understand that on account of that interest greater weight was to be given to the testimony of the interested parties. Very clearly, they understood that they were to give less weight to that testimony.

In speaking of a similar charge, it was said, in the case of *Dodd* v. *Moore*, 91 Ind. 522: "The jury have the right, in all cases, in weighing and settling conflicts in testimony, to consider the interest which the witnesses may have in the result of the litigation; and it is proper to instruct them that they may exercise that right. It may be that in many cases witnesses unconsciously warp and color their testimony by reason of interest; and it may be that in many instances witnesses purposely falsify by reason of such interest; but whether such is the fact, in any given case, is a question of fact to be left to the jury. Surely the courts can not say, as a matter of law, that because a witness may have an interest in the litigation, less weight should be given to his testimony."

The reasons that condemned the instruction in that case condemn the above instruction in this case. See, also, as in

point, *Woollen* v. *Whitacre*, 91 Ind. 502, and cases there cited; *Nelson* v. *Vorce*, 55 Ind. 455; *Greer* v. *State*, 53 Ind. 420; *Hartford* v. *State*, 96 Ind. 461; *State, ex rel.*, v. *Sutton*, 99 Ind. 300; Thomp. Charging the Jury, 58, 59.

Here again, the instruction applies alike to the relatrix and to appellant, but that in no way cures the error. But for the instruction casting discredit upon appellant's testimony because of his interest, the jury might have given full credit to his testimony and returned a different verdict.

The fifth instruction is open to the same objection. So much of it as needs to be here set out is as follows: "The jury are the judges of the credibility of the witnesses, and in determining the weight to be given to the testimony of the different witnesses, you should consider the relationship of the witnesses to the parties, their interest in the event of the suit," etc. Here again, it is enjoined upon the jury as a *duty*, in determining the credibility of witnesses, to consider their interest in the event of the suit, and their relationship to the parties. And here again, by the phraseology of the instruction, discredit is thrown upon the classes of witnesses named. One of the witnesses in this case, and one of the most important witnesses for appellant, was his father, who contradicted the relatrix upon the vital points in the case. By the above instruction, discredit is thrown upon his testimony by reason of his relationship to appellant. The jury had a right to consider that relationship, if they thought it worthy of consideration, and might have been instructed as to that right, but to enjoin it as a duty, implied infirmity in the testimony by reason of the relationship.

In these instructions, the court not only invaded the province of the jury, but indicated to them that, as a matter of law, the testimony of some of the witnesses was entitled to less credence than the testimony of others. For these reasons the judgment must be reversed.

Many other questions are discussed by appellant's counsel,

but as they may not arise upon another trial, it is not necessary that we should decide anything in relation to them.

The judgment is reversed, at the cost of the relatrix, and the cause remanded with instructions to the court below to sustain appellant's motion for a new trial.

