No. 888.

ROBERTSON v. MONROE ET AL.

INSTRUCTIONS TO JURY.—*Province of Jury.*—*Material Facts.*—*Preponderance of Evidence.*—Where the jury was instructed that, "It is your duty to decide which of the material facts are proved, and to decide according to the preponderance of the evidence," the instruction is not erroneous as devolving upon the jury any duty not properly resting upon it, in view of the fact that other instructions set forth the material facts; and where the jury was further instructed that, in determining the preponderance of the evidence, they "should," in connection with the number of the witnesses upon any proposition, "take into consideration their opportunity for seeing or knowing the things about which they testify, the probability or improbability of the truth of their several statements in view of all the other evidence, facts and circumstances proved on the trial, and from all these considerations, determine on which side is the weight or preponderance of the evidence," such instruction does not encroach upon the province of the jury, and is a fair statement of the law, the use of the word "should," in addressing the jury, instead of "may," not being erroneous.

SAME.—*Consideration of Evidence.*—*Impeached Witness.*—Where the jury was instructed that, "you may entirely disregard his [witness's] testimony, except in so far as he is corroborated by other credible testimony, or by facts and circumstances satisfactorily proved on the trial," if they find witness to have been successfully impeached, there is nothing hurtful in the charge, when considered in connection with the other instructions.

From the Allen Superior Court.

*J. R. Morris, R. C. Bell, J. M. Barrett* and *J. Morris,* for appellant.

*A. H. Bittinger* and *T. E. Ellison,* for appellees.

GAVIN, J.—The only questions presented for our consideration arise upon the motion for a new trial.

In the ninth instruction given to the jury, it is said: "It is your duty to decide what (which) of the material facts are proved, and to decide according to the preponderance of the evidence."

This is assailed upon the ground that it erroneously "devolves upon the jury the duty of deciding what the material facts in the case are," and that "it was the duty of the court, not of the jury, to decide what were the material facts."

We are unable to concur in this proposition, so far as it asserts the court to have devolved upon the jury any duty not properly resting upon it. In other instructions given, the court went into the details of the pleadings, and instructed the jury as to what were the material allegations of the various pleadings; this having been done, it was essentially the province of the jury to determine what material allegations were proved.

Neither was there any error in directing the jury, in this same instruction, that, in determining the preponderance of the evidence, they "should," in connection with the number of the witnesses upon any proposition, "take into consideration their opportunity for seeing or knowing the things about which they testify, the probability or improbability of the truth of their several statements, in view of all the other evidence, facts, and circumstances proved on the trial, and from all these considerations determine on which side is the weight or preponderance of the evidence."

It is claimed that this instruction trenches upon the

province of the jury, by the use of the word "should" instead of "may."

Counsel rely upon the holding in the case of *Unruh* v. *State, ex rel.*, 105 Ind. 117, and cases cited therein.   In that case it is held erroneous to instruct the jury that "both parties have testified and both are interested in the suit," and "this fact should be considered in weighing their evidence, in connection with other facts and circumstances which I have indicated apply to witnesses generally."

The Supreme Court uses this language:   "It very clearly discredits the parties named, because they are interested in the event of the suit.   The charge is, that it was the duty of the jury to consider the fact that the parties named were interested in the event of the suit. The jury would not understand that on account of that interest greater weight was to be given to the testimony of the interested parties.   Very clearly, they understood that they were to give less weight to that testimony."

As to another instruction, where the use of the word "should" is again condemned on the same principle, it is said, in the same case:   "And here again, by the phraseology of the instruction, discredit is thrown upon the classes of witnesses."

We quote this much of the case cited to show that the basis upon which the learned judge in that cause condemned the instructions was that they cast discredit upon the witnesses or class of witnesses.

That an instruction which does this is erroneous, can not be questioned.   Whether or not the use of the word "should," in those instructions, was necessarily to be thus interpreted is not for us to determine.

In the case of *Anderson* v. *State*, 104 Ind. 467, an instruction that "In determining the weight to be given the testimony of the different witnesses, you should take

into account the interest or want of interest they have in the case, their manner on the stand," etc., is expressly approved as properly stating the law, and several of the same cases are relied upon in support of the ruling as are cited in the Unruh case. See, also, *Ohio, etc., R. W. Co.* v. *Craucher*, 132 Ind. 275. Whether there be any serious conflict between these cases or not, or if there be any which may state the correct rules on the questions involved in the case of *Unruh* v. *State, supra*, it is not our province to determine. We are satisfied that the principle upon which the Unruh case was decided does not apply to the instruction under consideration in this case. The basis of that decision is, that, by the charge, discredit was cast upon some particular witnesses or class of witnesses. By the instruction in this case, no discredit was cast upon any one. On the contrary, by the elements referred to therein, the opportunities of the witnesses, the probability or improbability of the truth of the statements, when compared with the other evidence and facts proved, the various witnesses may have been accredited as well as discredited according as the facts would justify the jury therein.

These things being proper elements to be brought out before the jury by evidence, and being proper elements to be considered by the jury, we are unable to see any error in telling them that they should consider them, leaving the amount of consideration which they would give them entirely to the jury, without any intimation to the jury that could unfavorably affect either the one side or the other.

We do not deem that any undue prominence is given to the elements mentioned, when the other charges are also considered. In them the jury were fully informed that they were the exclusive judges of the weight of the evidence, and were also informed in detail as to many

matters which they might consider in determining the credibility of the witnesses.

The tenth instruction given told the jury that if they found a witness to have been successfully impeached, "you may entirely disregard his testimony, except in so far as he is corroborated by other credible testimony, or by facts or circumstances satisfactorily proved on the trial."

There is nothing in this instruction hurtful to appellant, when considered in connection with the other charges. The jury are not told they must disregard the testimony of a witness of bad character, but are simply told that they may do so unless corroborated, etc.

We are unable to construe this charge, as viewed by appellant's learned counsel, as even an indirect direction to the jury to reject this evidence. It did not obtrude upon the jury any intimation that the court thought the evidence should be disregarded. The jury were not, by it, authorized to arbitrarily disregard any evidence, but simply informed them that it was their privilege to disregard it.

The jury were, in other charges, fully instructed as to their duty to consider carefully all the evidence, to reconcile and harmonize all the evidence, if possible, and that, if this should be impossible, they must then determine for themselves as to who were worthy of belief, either in whole or in part.

Examining the instructions assailed, in the light of all the instructions given, we are unable to find in them anything prejudicial to appellant's rights.

Appellant insists, with great earnestness, that the evidence proves conclusively an extension of time for a valuable consideration, without his consent, whereby he, as surety, was released. There is here, as in so many cases, a sharp conflict of evidence. There are also many circumstances favoring appellant's view of the transaction

which occurred between Kerr, the principal on the note, and appellee in the absence of appellant; but, notwith-standing both the direct and circumstantial evidence supporting appellant's theory of the case, there was evidence from which the jury were fairly authorized to find that there was, upon the part of appellee, no intention of agreeing to any extension of time of payment, nor any intention of accepting interest in advance, and that the indorsement of extension was made upon the note by Kerr without her knowledge or consent, and was repudiated by her as soon as she learned of its existence.

Under such circumstances, the jury's determination of the questions of fact can not be here disturbed.

Judgment affirmed.

REINHARD, C. J., absent.

Filed April 25, 1893; petition for a rehearing overruled Sept. 21, 1893.