Lake Shore and Michigan Southern Railway Company *v.* Anthony.

## No. 1,353.

## THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY *v.* ANTHONY.

LAW AND FACT.—*Issues.—How Tried or Determined.—Instructions.*— Where the court in instruction number one stated the issue to the jury, and read the complaint and answer to it, and in instruction number two, "you must determine the issue upon and under the evidence presented to you and upon the instructions of the court as to the law of the case," the issue spoken of in the latter instruction was the issue of fact, and the jury were not misled thereby.

SAME.—*Issues.—How Tried.*—In a civil case, issues of law must be determined by the court, and it is the duty of the jury to decide issues of fact when submitted to it for trial.

INSTRUCTIONS TO JURY.—*Party Complaining of Instruction Given, Substantially Same as One Given at his Request.*—If an instruction given at the instance of the plaintiff is substantially the same as one given at the instance of defendant, defendant can not be heard to complain of the instruction given at the instance of plaintiff, and *vice versa.*

SAME.—*Refusing Instructions Already Given in Substance.*—It is not error to refuse instructions substantially covered by others given.

RAILROAD.—*Traveler Approaching Crossing.—Duty to Stop, Look, and Listen.*—The law does not require a traveler upon a highway, with a team, in all instances, in approaching a railroad crossing, to stop and look and listen for an approaching train; nor does the law fix any particular point or distance from the crossing at which he must stop, nor that he must stop still at all.

SAME.—*Traveler at Crossing.—Frightened Horses.—Inevitable Accident.* —The fact that a traveler loses control of his team at a railroad crossing and collides with an approaching train does not necessarily make the accident inevitable.

PRACTICE.—*Leading Question.—Discretion.—Reversible Error. — Witness.—Evidence.*—Leading questions to witnesses are largely in the discretion of the trial court, and will not amount to reversible error except in clear cases of abuse of discretion.

From the Steuben Circuit Court.

*J. Morris, R. Bell, J. M. Barrett* and *S. L. Morris,* for appellant.

*W. L. Penfield, F. S. Roby* and *J. F. Shuman,* for appellee.

LOTZ, C. J.—The appellee, while attempting to cross appellant's railroad on a public highway, was struck by the locomotive and cars and injured in both his person and property.

The complaint averred that the appellant negligently ran and operated its train, and that it negligently obstructed the highway at the point where the injury was sustained. The appellee recovered a verdict and judgment in the sum of $3,000.

The only questions presented for our consideration on this appeal arise on the motion for a new trial. The appellant complains of instruction No. 2, given by the court on its own motion. That portion of the instruction, to which special objection is made, is in these words: "You must determine the issue upon and under the evidence presented to you and upon the instructions of the court as to the law of the case." The appellant insists that the issues must be determined by the court and not by the jury, and that it was error to commit the issue in this case to the jury.

Issues are of two kinds, of law and of fact. They both arise from the pleadings of the parties. It is true that an issue of law must be determined by the court, but an issue of fact may be tried and decided, or in other words determined by the jury. This is expressly provided by section 412, R. S. 1894.

It is the duty of the jury to decide the questions or issues of fact when submitted to it for trial. It must do this from the evidence and under the instructions of the court. The word "determine" in the instruction is used in the sense of "decide."

The court, in instruction No. 1, immediately preceding, stated the issue to the jury and read the complaint and answer to it. It is manifest, we think, that the is-

sue spoken of by the court in this instruction was the issue of fact, and that the jury was not misled thereby.

Similar objections are made to instructions Nos. 5, 13 and 18, given by the court at the request of appellee. These objections are not well taken. *Robertson* v. *Monroe*, 7 Ind. App. 470.

The appellant also insists that the court erred in giving instruction No. 17, as requested by appellee. That portion of this instruction to which objection is made is very similar in phraseology and identical in legal effect to instruction No. 15, given by the court at the request of appellant. The giving of the instruction complained of was but a repetition of appellant's instruction. Whether the instruction was good or bad, we need not determine under such circumstances, as reversible error can not be predicated upon it.

The court refused to give this instruction asked by appellant:

"If you find from the evidence that the plaintiff, by stopping at a point forty or fifty feet distant from the crossing, by looking and listening, could have discovered the train he collided with, and he did not do so, then you should find for the defendant."

The appellant insists that it was error to refuse this.

The law does not require a traveler upon a highway in all instances to stop and look and listen for an approaching train; nor does the law fix any particular point or distance from the crossing at which he must stop.

The jury, in answer to interrogatories, found that the appellee did stop twice before attempting to cross, the last time about one hundred and fifty feet distant, and that he and his wife looked and listened for approaching trains, and that they continued to look and listen until the crossing had been reached. It was a question for

the jury to determine whether or not the appellee acted prudently under all the circumstances. The instruction trenches upon the province of the jury and takes from it the privilege of determining the question of contributory negligence. *Evansville, etc., R. R. Co.* v. *Marohn,* 6 Ind App. 646; *Cleveland, etc., R. W. Co.* v. *Harrington,* 131 Ind. 426.

There is no rule of law in this State requiring a person approaching a crossing with a vehicle propelled by horses to stop still. *Hoggatt* v. *Evansville, etc., R. R. Co.,* 3 Ind. App. 437.

The appellant also complains of the refusal of the court to give its instruction No. 25.

The court, at the request of both parties, instructed the jury fully and elaborately upon nearly every conceivable phase of the case. The substance of instruction No. 25 was, we think, fully covered by instruction No. 8½, requested by the appellee, and by instructions Nos. 29, 30, 31 and 33 of instructions requested by appellant. We think there was no error in refusing it under the circumstances.

The court also refused this instruction:

"If you find from the evidence that the plaintiff lost control of his horse when approaching the crossing in question and but for the loss of such control he could have stopped and turned away and avoided the collision, then you should find for the defendant; because, in that case, the injury would have been the result of inevitable accident."

The jury, in answer to interrogatories, found that the horse driven by appellee on the occasion of the accident was quiet and gentle. It was the undisputed testimony of the appellee that he attempted to turn his horse to one side of the highway and was prevented on account of the

obstructions placed there by appellant; that his horse then became frightened at the train and sprang toward its home across the track. The instruction ignores all these conditions and proceeds upon the theory that because appellee's horse got beyond his control the injury was the result of inevitable accident.

There was no error in refusing it.

The appellee called to the stand as a witness Newton W. Gilbert, a surveyor, and, among other questions, asked the following:

"Does that cutting down of the highway increase the difficulty of a traveler seeing a train approaching along through this cut as one drives south?"

Counsel for appellant objected to this question "for the reason that it was leading; for the further reason that it called for the conclusion of the witness and not for the facts and surroundings as they existed. It is not a question of expert evidence, but one which the jury can, as well as the witness, determine."

The objection being overruled, the witness answered the question in the affirmative. Appellant contends that this ruling was erroneous.

The question is leading in form, but leading questions are largely in the discretion of the trial court. It requires a clear case of abuse of this discretion, such as does not here appear, to justify a reversal.

Whether the other objections to the question are well taken or not, we need not determine, for both the appellant and the appellee gave in evidence a full description of all the surroundings of the crossing, and by maps, profiles and photographs fully informed the jury of all obstructions to the sight and hearing. Under such circumstances, no reversible error can be predicated upon this ruling.

This disposes of all the questions presented for our consideration.

We find no reversible error in the record.

Judgment affirmed, at costs of appellant.

Filed Nov. 16, 1894; petition for rehearing overruled Feb. 19, 1895.