## A. B. HEAD v. C. DYSON, *et al.*

1. INSTRUCTION, *Correct or Not, When Immaterial.* Where the objection to an instruction is, that it erroneously or incompletely states the law applicable to certain alleged facts, and the jury in answer to specific questions find all such facts, no inquiry need be made into the correctness or sufficiency of said instruction, for the court can itself apply the law to the facts and render such judgment as they require.

2. INSTRUCTION *Upon a Single Fact; Practice.* Where the error complained of is that the court failed to give a special and separate instruction upon a single and collateral fact disclosed by the testimony, the entire testimony should ordinarily be presented so that the court may see that the fact is of such importance as to require special and separate notice.

3. INSTRUCTION, *Whether Misleading, Not Determinable.* Where it is alleged that an instruction though correct as an abstract proposition was so worded as not to be easily comprehended by the average juror and was therefore probably misleading, *held,* that in the absence of the testimony it cannot be determined whether the jury were misled in any material matter, or to the prejudice of the party complaining.

*Error from Jewell District Court.*

THE opinion states the case. Judgment for the defendants, *C. Dyson* and *W. M. Allen,* at the April Term, 1883. Plaintiff, *Head,* brings it here for review.

*C. Angevine,* for plaintiff in error.

*A. D. Wilson,* and *Heron & Case,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error, plaintiff below, brought an action against the two defendants in error and one J. M.

McIndoo, on a promissory note. The defendants in error answered, alleging that they were only sureties on the note; that McIndoo was principal, to the knowledge of the plaintiff, and that plaintiff, after the maturity of the note, and without the knowledge or consent of these defendants, gave for a valuable consideration an extension to McIndoo, thereby releasing the defendants as sureties from further liability. Judgment was rendered by default against McIndoo, and the case went to trial on the issues between the plaintiff and the two sureties. It was tried before a jury, which returned a general verdict in favor of defendants, and also in answer to special questions found that McIndoo was principal and defendants sureties; that plaintiff knew the fact, and that after the maturity of the note, plaintiff gave to McIndoo three extensions of thirty days each; that these extensions were upon considerations paid by McIndoo, and made without the knowledge or consent of these defendants. Judgment was rendered upon the verdict, and plaintiff alleges error.

The testimony was not preserved, the record simply stating that evidence was offered tending to prove such-and-such facts. The instructions were preserved, and as to them alone is any complaint made. The first instruction given at the instance of the defendants, reads as follows:

"Any supposed liability that may have existed in the minds of Allen and Dyson against them, or want of knowledge of their legal rights by reason of extension, will not bind them, unless they agreed to the extensions given to McIndoo by Head, or afterward ratified such extensions."

Of this plaintiff complains, claiming that it was both erroneous and incomplete; that, although the sureties never ratified the extensions, yet, if after knowledge of the fact they promised to pay the note, they would be bound thereby; and also that their ignorance of their legal rights in no manner affected the validity of their promise to pay. We do not understand the instruction exactly as counsel seems to. While the language is not the most apt, all that we think was intended or understood by this instruction was that the

defendants' belief as to their liability, or their ignorance of their legal rights, did not affect the question of their liability; that that was to be determined by their agreements or assent. But even if it be defective or erroneous, the defect will not avail the plaintiff. For the instruction is not one as to the effect of testimony, but one as to the law applicable to certain supposed facts. But the jury in answer to specific questions, found as to all the facts embraced or which should have been embraced in this instruction. Upon these facts the trial court in the first instance, and this court on review, can determine what law is applicable, and this without reference to the instruction. In other words, the finding of these particular facts does away with the need of any further consideration of the instruction. (*Luke v. Johnnycake*, 9 Kas. 511; *Rld. Co. v. Chase*, 11 id. 47.)

Again, it is objected that the court erred in giving the third instruction, and this upon the ground that it does not state all the matters which are necessary to make a valid agreement for extension. It is enough to say that instructions are to be made applicable to the facts, and it may be that, upon the testimony, the particular matter noticed in this instruction was the only matter of controversy.

Again, it is objected that the court refused to give instruction No. 6, asked by plaintiff. This was a special and separate instruction, as to a single and collateral fact disclosed by the plaintiff's testimony. It is often unwise for a trial court to select a single circumstance from the evidence, and found upon it a separate instruction. Sometimes such action is sufficiently erroneous to compel a reversal, inasmuch as it lifts a special circumstance into undue prominence. (*Rld. Co. v. Retford*, 18 Kas. 245.) Generally speaking, before error can be adjudged in the refusal of the trial court to dignify a single and collateral fact with the attention of a special and separate instruction, it should appear, from a presentation of the entire testimony, that this single fact was of such importance as to require special notice.

Finally, it is objected that the court erred in giving § 200,

from 1 Greenleaf on Evidence, as an instruction to the jury; and this, not on the ground that such section does not state the law correctly, but on the ground that its language is not so simple and plain as to be easily comprehended by the average juror, and very likely misled the jury in this case.   There are at least two sufficient answers: the testimony not being preserved, it cannot be affirmed that even if misled, they were misled in any material matter; and again, that if misled, they were misled to the prejudice of the plaintiff in error.   If misled at all, it may have been as to some comparatively unimportant matter, or against the interests of the defendants. (*Burton v. Boyd*, 7 Kas. 17.)

These being the only errors alleged, and in them appearing nothing to justify any interference with the judgment, it will be affirmed.

All the Justices concurring.