Dodd *v.* Moore, by Next Friend.

No. 10,803.

Dodd *v.* Moore, by Next Friend.

<table>
<tr><td>92</td><td>397</td></tr>
<tr><td>127</td><td>245</td></tr>
<tr><td>92</td><td>397</td></tr>
<tr><td>133</td><td>408</td></tr>
<tr><td>92</td><td>397</td></tr>
<tr><td>165</td><td>442</td></tr>
</table>

PLEADING.—*Practice.*—*Infant.*—*Next Friend.*—*Demurrer.*—A complaint in an action by an infant who sues by next friend is not insufficient on demurrer for failure to aver that the plaintiff is an infant.

WITNESS.—*Impeachment.*—*Evidence.*—Where there is an attempt to impeach a witness by evidence of contradictory statements, the party calling the witness may prove statements made by him about the time the contradictory statements are testified to have been made, agreeing with those made by the witness on the trial, and it is error to refuse to permit this to be done.

From the Monroe Circuit Court.

*J. W. Buskirk, H. C. Duncan, J. H. Louden* and *R. W. Miers,* for appellant.

*J. R. East* and *W. H. East,* for appellee.

ELLIOTT, J.—It is contended by appellant that the complaint of the appellee is bad on demurrer, for the reason that it avers that she sues by next friend, but does not show that she was not of full age when the action was instituted; but this contention can not prevail. In the case of *Lancaster* v.

*Gould*, 46 Ind. 397, it was said: " It is not alleged that the plaintiffs for whom Blair acted as next friend were infants; but this would hardly be ground for demurrer." *Dodd* v. *Moore*, 91 Ind. 522.

It is the settled law of this State that in cases where a witness is contradicted by evidence of statements different from those made upon the trial, and the contradiction is by way of impeachment, the party by whom the witness was called may prove statements made by the witness about the time the contradictory statements are alleged to have been made, agreeing with those made by the witness in his testimony given on the trial. *Coffin* v. *Anderson*, 4 Blackf. 395; *Beauchamp* v. *State*, 6 Blackf. 299; *Dailey* v. *State, ex rel.*, 28 Ind. 285; *Brookbank* v. *State, ex rel.*, 55 Ind. 169. The trial court violated this rule in refusing the appellant permission to sustain one of his witnesses who had been impeached by evidence of statements inconsistent with those made in his testimony, and for this error the judgment is reversed.

