THE BOARD OF COMMISSIONERS OF ALLEN COUNTY V.
H. N. BOYD.

1. PRACTICE; *Stipulation of Parties; Presumption.* Where an appeal is
taken to the district court by a land-owner from the decision of a board
of county commissioners in establishing a county road, and on the trial
in the district court it is agreed by the parties to waive all irregularities
and defects that might have occurred in locating, establishing and open
ing the said road, and it is especially agreed that the only question for
the district court to determine is the amount of the damages which the
land-owner is entitled to recover by reason of the establishment of the
road, *held*, that it will be presumed that the road was in fact and in law
established, and that all prior proceedings were sufficiently regular to
give the district court jurisdiction to hear and determine the case.

2. ERROR, *Not Presumed.* Where certain instructions given by the district
court to the jury are alleged for error, *held*, that in the absence of all
the evidence the supreme court cannot tell whether such instructions
are materially erroneous, or not.

3. ——— The supreme court will not review instructions given by the
district court, unless the instructions were excepted to at the time.

### Error from Allen District Court.

THE opinion states the case.    Judgment for plaintiff *Boyd*
at the November Term, 1882.    The defendant *Board of Com-
missioners* brings the judgment here for review.

*G. A. Amos*, county attorney, for plaintiff in error.
*J. H. Richards*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: A judgment was rendered in the district
court of Allen county, in favor of H. N. Boyd and against
the board of county commissioners of said county, for $225,
damages alleged to have been sustained by Boyd by reason
of the establishment of a county road, laid out, located and
established under the authority and direction of such board
of county commissioners.    The county board now claims that
such judgment is erroneous, for the following reasons: first,
that said county road was never, in legal contemplation, laid

out or established; second, that the district court had no jurisdiction to render such judgment; third, that the court erred in its instructions to the jury; fourth, that the court erred in overruling the motion of plaintiff in error for a new trial; fifth, that the judgment should have been in favor of the plaintiff in error and against the defendant in error, Boyd.

We do not think that any of the alleged errors are available to the plaintiff in error. None of the evidence has been brought to this court, and hence we cannot tell whether the said county road was legally established, or not, or whether the district court had jurisdiction to try the case, or not; but presumptively it had; and we cannot presume that the district court committed error in any particular, unless the error is affirmatively shown. Besides, the parties on the trial waived all irregularities and defects in locating, establishing and opening the said road, and especially agreed that the only question for the district court to determine was the amount of the damages which the plaintiff, Boyd, was entitled to recover. After this agreement on the part of the parties was entered into, it was not necessary for the plaintiff below, Boyd, to show that the road was legally established, or to show that the prior proceedings were so regular as to give the district court jurisdiction to hear and determine the case. After this agreement, all these things should be presumed against the plaintiff in error, and it has certainly not been shown affirmatively that the road was not legally established, or that the district court did not have jurisdiction to hear and determine the case.

Further, as the evidence has not been brought to this court, we cannot tell whether the instructions complained of were erroneous, or not; or if erroneous, whether they were *materially* erroneous, or not.

Besides, it does not appear that any exception was taken to any of the instructions; and this court will not review instructions given by the district court to the jury, unless the instructions were excepted to at the time. Neither has it

been shown that the court below erred in overruling the motion of plaintiff in error for a new trial, or in rendering judgment in favor of the plaintiff below, and against the plaintiff in error.

The judgment of the court below will be affirmed.

All the Justices concurring.