State v. Bryant.

## The State v. Bryant, *Appellant.*

### Division Two, May 12, 1896.

1. ' Criminal Practice: ALIBI: GOOD CHARACTER: RECENT POSSESSION OF STOLEN PROPERTY: INSTRUCTIONS.    Instructions on a trial for burglary and larceny, on an *alibi,* good character and the presumption arising from the recent possession of stolen property, considered and approved.

2. ——— : RECENT POSSESSION OF STOLEN PROPERTY: LARCENY.    Second hand possession is insufficient to warrant an instruction on the presumption arising from the recent possession of stolen property.

3. ——— : ——— : ———.    Where, however, several persons jointly commit a larceny, the possession by one is not second hand; nor is it necessary on the trial of one, to authorize an instruction on the presumption arising from such possession, that it be exclusive of the other joint wrongdoers.

4. ——— : DEFENDANT TESTIFYING: INSTRUCTION.    Where a defendant testifies in his own behalf, it is not reversible error to instruct the jury that in considering his testimony they *should* (instead of *may*), take the fact of his being the accused into consideration in determining the weight to be given to his testimony.

5. ——— : SUPREME COURT: VERDICT: INSUFFICIENCY OF EVIDENCE.    The supreme court will not reverse the judgment because of the insufficiency of the evidence unless it is of such a character that it can be said there is no substantial evidence to support the verdict.

*Appeal from Lafayette Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*C. P. Craig, Wallace & Chiles,* and *John S. Blackwell* for appellant.

(1)    The court erroneously instructed the jury that in determining the weight to be given to defendant's evidence the jury should consider the fact that

the defendant was the accused party and on trial. The attempted qualification of this error in a subsequent part of the instruction does not remove the vice of the error, but only produces an instruction contradictory in its terms. *State v. Taylor*, 118 Mo. 153; *State v. Howell*, 100 Mo. 628; *State v. Woolard*, 111 Mo. 248; *State v. Edwards*, 109 Mo. 318; *State v. Sidney*, 74 Mo. 390; *State v. Moxley*, 102 Mo. 388; *State v. Taylor*, 111 Mo. 540. (2) The evidence in this case conclusively shows that the possession of the stolen property, so far as the defendant is concerned, was second or third hand, and for that reason no instruction on the recent possession of stolen property should have been given. *State v. Scott*, 109 Mo. 226; *State v. Castor*, 93 Mo. 242; *State v. Warford*, 106 Mo. 55. (3) The court committed error in instructing the jury that they "should" consider the fact that the defendant was the accused party and on trial. *State v. Fairlamb*, 121 Mo. 148. The evidence of guilt is insufficient to support the verdict.

*R. F. Walker*, attorney general, and *William Aull*, prosecuting attorney, for the state.

(1) The use of the word should instead of may in the instruction complained of is not reversible error. *State v. McGuire*, 113 Mo. 670; *State v. Young*, 105 Mo. 634; *State v. Renfro*, 111 Mo. 598. (2) The instruction as to the recent possession of stolen property was proper. *State v. Edwards*, 109 Mo. 315; *State v. Scott*, 109 Mo. 226; *State v. Brown*, 115 Mo. 414; *State v. Owsley*, 111 Mo. 450. (3) The usual contention that the judgment should be reversed and the verdict set aside because of the insufficiency of the testimony will likely be urged, and it will become necessary again for this court to say that it will only

interfere where there is an absolute or a total failure of proof, for this is now the well established rule in this state.    *State v. Fisher*, 124 Mo. 462; *State v. Punshon*, 124 Mo. 448; *State v. Young*, 119 Mo. 495; *State v. Banks*, 118 Mo. 117.

BURGESS, J.—In May, 1895, defendant was convicted in the criminal court of Lafayette county, of burglary in the second degree, and of grand larceny, his punishment for the burglary being fixed at three years' imprisonment in the penitentiary, and for the larceny at two years'.    From the judgment and sentence he appealed.

The facts are about as follows:    On the night of April 11, 1894, the storehouse of John Baucom, situated about three miles west of Lexington, in Lafayette county, Missouri, was broken into and a number of articles taken therefrom, including a lot of tobacco, coffee, and soap.    The tobacco taken was of the "Star" and "Sledge" brands; the coffee was Lyons coffee, put up in one pound packages, and on each package was printed the name of John Baucom, the proprietor of the store.    On the next morning, two men appeared at the house of William Cunningham, Sr., a farmer living on Crooked river, about four miles from Hardin, in Ray county, Missouri, in a boat, having in their possession some boxes.    They traded the boat to said Cunningham for some boards to place on the boxes, and in compensation for his services in taking them and the boxes to Hardin.

On the trial Cunningham, Sr., testified that the two men ate breakfast at his house on the morning of their appearance there, that he rode by the side of defendant from his house to Hardin and that defendant was one of the men.

At the time of the burglary defendant was engaged

in the business of grocer at Kansas City, Kansas, some forty-five miles distant from the store of Baucom.

On Saturday, the fourteenth day of April, 1894, three days after the burglary, the principal part of the stolen goods were found in the store of defendant, the evidence tending to show that they were put in the store during the temporary absence of defendant therefrom by his brother and one Conners, and that after he found out that they were in the store he paid his brother for them.

Defendant proved a good character for honesty, and introduced evidence which tended strongly to show that he was in Kansas City, Kansas, at the time the burglary was committed, and could not possibly have been present at the time of its commission.

Defendant's first insistence is that the court erred in failing to properly and legally instruct the jury on the question of *alibi.*

The instruction in this regard is in accordance with the rule announced in numerous decisions of this court and free from objection. *State v. Taylor*, 118 Mo. 153, and authorities cited.

The instruction with respect to the good character of defendant and circumstantial evidence is also criticised in a general way, but we are unable to see the force of the criticism and are of the opinion that it is untenable.

Upon the question of recent possession of stolen property by the accused the court instructed the jury as follows:

"The recent possession of stolen property raises the presumption that the person in possession is guilty and throws upon him the burden of rebutting this presumption, and explaining his possession in one of the modes hereafter declared; otherwise this presumption becomes conclusive. And in this case if you believe

from the evidence that the store of John Baucom, within the time and at the place specified, was entered under such circumstances as constituted burglary, as before defined, that certain of Baucom's goods were then stolen and carried away therefrom, and that recently thereafter (and determining whether the time was recent you will have regard to the nature, character, and situation of the goods) that the goods or any part thereof were found in the possession of the defendant, the law presumes him guilty of both the burglary and the larceny, and casts upon him the burden of accounting for such possession to the satisfaction of the jury, that he was not the guilty party, or by evidence of the attending circumstances, or by evidence of the character and habits of life of the defendant, or by evidence which satisfactorily explains such possession as hereafter more fully declared. And unless the jury believe from all of the evidence in the case he has so accounted for such possession on one or the other of these modes, you should find him guilty of the burglary charged, and may also, in addition thereto, find him guilty of the larceny, if the goods found in his possession were any of those described in the indictment.    *    *    *

"You are also instructed that in determining the guilt or innocence of the defendant you should take into consideration all of the facts and circumstances detailed in the evidence in reference to his possession of the said goods, and also all the other facts and circumstances shown in evidence, and if from all the evidence you believe him guilty beyond a reasonable doubt, as afterward explained, you should so find.    *    *    *

"Though you may believe from the evidence that the defendant was found in the recent possession of stolen goods, after the time of the alleged burglary and larceny, the law does not from that fact alone presume

him conclusively guilty; it only raises a presumption of guilt, which becomes conclusive if unexplained by the defendant by evidence showing that he was not the guilty party or by all the attending circumstances accompanying his possession; or by evidence of his good character and habits of life; or by any other facts or circumstances which satisfactorily explains his possession, or shows he could not be the guilty party. And in this case, if you believe from the evidence John Baucom's store was entered and certain goods stolen and carried away, and that certain of these goods were recently thereafter found in the possession of the defendant, yet if you believe either one of the following facts has been shown by the evidence, you will find the defendant not guilty, notwithstanding such recent possession of the stolen property by him.

"*First.* That at the time of the commission of the burglary and larceny (if you believe it was committed by someone), he was not present either assisting, aiding, or abetting, but that he was elsewhere; that is, if he has established what is termed in law an *alibi.*

"*Second.* If you believe from all of the evidence in the case of the attending circumstances surrounding and attending his possession, such possession has been explained.

"*Third.* By evidence of the good character and habits of life of the accused, if you believe from the evidence he has established the same.

"*Fourth.* Or if the other evidence in the case satisfactorily explains to you such possession.

"Evidence of good character is no excuse for the commission of crime, if you believe that notwithstanding such character, the defendant is the guilty party; but in determining the question of whether or not he is guilty it is proper for you to consider such evidence.

"As to the defense of an *alibi*, that is, that the defendant was elsewhere and did not participate in the commission of the offense, you are told it is as legitimate and valid as any other defense, and in the very nature of things is the only possible defense that an innocent person can often make. Nor is the defendant bound to establish this defense beyond a reasonable doubt, but if from the whole evidence you have a reasonable doubt of his presence at the commission of the offense, as before explained, you must give him the benefit of that doubt and acquit."

It is insisted by defendant that the evidence conclusively shows that the possession of the stolen property by him was second or third hand, and for that reason no instruction on the recent possession of the stolen property should have been given.

When a conviction is sought alone upon the possession of property which has been recently stolen, and the evidence shows that the property in question was acquired second or third hand, such possession, however recent, does not create the presumption of guilt (*State v. Scott*, 109 Mo. 226), and in the absence of other evidence tending to connect the defendant with the burglary and larceny with which he is charged this instruction would have peen improper; but the evidence on behalf of the state tended to show that defendant was one of the burglars, and in the possession of the stolen property early the next morning after the burglary and larceny were committed, and that his possession of the goods at the time of his arrest was not second or third hand, as contended for by him. We therefore conclude that the objection is untenable.

When two or more persons commit a larceny, the possession by either of them of the stolen property is not second hand, nor is it necessary, in order to justify an instruction, that the possession of such property,

recently after the same has been stolen by one of them, creates a presumption of guilt, that such possession should be exclusive against those participating in the larceny.

While the instruction is in the nature of a charge, it fairly submitted all these questions to the jury.

The instruction is also criticised because it tells the jury that the fact that the defendant (who testified as a witness in his own behalf) is the accused party, *should*, instead of *may*, be considered by the jury in determining the weight to be given to his evidence.

Similar instructions have frequently met with the disapproval of this court (*State v. Fairlamb*, 121 Mo. 137, and authorities cited); but it has never been held that the judgment should be reversed for that cause alone, nor do we think that it should be done in the case in hand.

It is finally insisted that there is no evidence to support the verdict. While we must concede that, as it appears to us from the evidence as disclosed by the record, its decided weight is to the effect that defendant was not present at the time of the commission of the burglary and larceny, yet with the evidence of Cunningham, Sr. (who testified that defendant appeared at his home early in the morning of the twelfth of April, 1894, with boxes in his possession which were afterward shown to contain the goods which had been stolen the night before), before us we are not prepared to say there was no substantial evidence to support the verdict, and it is only in such circumstances that this court will reverse the judgment of the court below on that ground. *State v. Punshon*, 124 Mo. 448; *State v. Fischer*, 124 Mo. 462; *State v. Young*, 119 Mo. 495; *State v. Banks*, 118 Mo. 117.

The instruction presented every phase of the case to the jury, and, finding no reversible error in the record, we must affirm the judgment.    It is so ordered. All of this division concur.

